**Laurie A. COOK, Plaintiff,**

v.

**CITY OF GROTON, Groton City Police Department, Thomas Forbes, Kevin Wickes and James Schmitt, Defendants.**

**No. 3:94CV435 (RNC).**

United States District Court, D. Connecticut.

Feb. 6, 1997.

---

**102**

Robert I. Reardon, Jr., The Reardon Law Firm, New London, CT, Angelo A. Ziotas, New London, CT, for plaintiff.

Michael Joseph Whalen, Halloran & Sage, Hartford, CT, Matthew Shafner, O'Brien, Shafner, Stuart, Kelly & Morris, Groton, CT, Stephen P. Fogerty, Thomas P. O'Dea, Jr., Halloran & Sage, Westport, CT, for defendants.

### RULING AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CHATIGNY, District Judge.

This case presents an issue of qualified immunity under 42 U.S.C. § 1983 in the context of a claim that police officers breached a duty to protect the plaintiff from an assault by a third person in violation of her right to substantive due process. The due process right to special protection on which the plaintiff relies, which is premised on a state-created danger theory, was not clearly established at the time in question. Accordingly, the defendants are entitled to qualified immunity.

### 1. Background

Plaintiff Laurie Cook seeks damages against two Groton police officers, Kevin

Wickes and Thomas Forbes. She claims that they should be held responsible for serious injuries she suffered when she was attacked by her former boyfriend, Mark Alviani, in May 1991.[1]

The theory of the plaintiff's complaint is that the officers incurred an affirmative duty under the due process clause of the fourteenth amendment to protect her against an assault by Alviani when, two months before the assault, they alerted him that the parking lot of her apartment complex was going to be under surveillance. The police had decided to institute the surveillance in response to repeated complaints by the plaintiff that her car had been vandalized. Plaintiff contends that by alerting Alviani to the planned surveillance, the officers enabled him to avoid arrest at that time, thereby rendering her more vulnerable to the danger he posed to her safety. Plaintiff acknowledges that but for the defendants' improper disclosure of confidential information to Alviani, she would have no case against them under § 1983.

The defendants have moved for summary judgment arguing that the plaintiff's due process claim is without merit. Relying on *Pinder v. Johnson*, 54 F.3d 1169, 1175–79 (4th Cir.1995) (en banc), they also argue that they are entitled to the protections of qualified immunity. Oral argument has been held and the motion is now ripe for decision.

### 2. Discussion

Failure by state officials to take action to protect a person against private violence in a noncustodial setting is usually not actionable under § 1983. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–97, 109 S.Ct. 998, 1002–04, 103 L.Ed.2d 249 (1989). However, if state officials take action that puts a person in danger, or renders her more vulnerable to danger, they may incur a special duty to protect her under the due process clause. *See Kneipp v. Tedder*, 95 F.3d 1199, 1208–10 (3rd Cir.1996) (officers increased likelihood of harm to person in obvious state of severe intoxication by

---

1. Plaintiff has withdrawn all the claims set forth in the complaint except her due process claim against defendants Wickes and Forbes.

abandoning her on roadway late at night after assuming responsibility for her safety and interfering with her husband's efforts to assist her to safety); *Dwares v. City of New York,* 985 F.2d 94, 99 (2d Cir.1993) (officers increased likelihood "skinheads" would beat up flag burners by assuring them they would not be arrested or impeded unless they got totally out of control); *Freeman v. Ferguson,* 911 F.2d 52, 54–55 (8th Cir.1990) (chief of police increased likelihood victim's estranged husband would harm her by preventing officers from arresting the husband, who was police chief's close friend).

The defendants argue that the plaintiff's due process claim is meritless because they did not create a danger to her or make her more vulnerable to the danger she faced as a result of her relationship with Alviani. The nexus between the defendants' disclosure of the surveillance to Alviani and his assault on the plaintiff two months later may be too tenuous to provide a basis for a due process state-created danger claim under § 1983. However, in noncustodial situations, it is not clear how large and direct a role a state must play in creating a danger before it must provide special protection. Because the plaintiff's claim can be more easily resolved on the basis of the defendants' qualified immunity, it should be resolved that way.

A police officer is entitled to qualified immunity unless his conduct violated a right that was clearly established at the time. A due process duty not to affirmatively misuse government power so as to create a danger to a person or render her more vulnerable to harm was not clearly established in the spring of 1991. *Soto v. Flores,* 103 F.3d 1056, 1065 (1st Cir.1997). The Second Circuit did not rule on the issue until *Dwares* was decided almost two years later. Most Circuits now recognize the possibility that state-created dangers may provide a basis for a due process claim. *See Kneipp,* 95 F.3d at 1205–11. However, as the First Circuit explained in *Soto:*

> The history of the state-created danger theory ... is an uneven one. The distinction between affirmatively rendering citizens more vulnerable to harm and simply failing to protect them has been blurred.

Moreover, courts have sometimes found that a given action, while rendering the plaintiff more vulnerable to danger, did not amount to a constitutional· violation, but should instead be viewed as a state law tort. *See, e.g., Cannon v. Taylor,* 782 F.2d 947, 950 (11th Cir.1986). It is more recent judicial opinions that have begun to clarify the contours of this doctrine. *See, e.g., Kneipp,* 95 F.3d at 1208–10; *Pinder,* 54 F.3d at 1174–77.

Because the contours of the right on which the plaintiff relies were not clearly established at the pertinent time, the defendants are entitled to qualified immunity.

**3. Conclusion**

Accordingly, the defendants' motion for summary judgment is hereby granted.